UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK BILBEE, #39257,

    Plaintiff,

v.                                              CASE NO. 2:19-CV-11393
                                                  HONORABLE SEAN F. COX

JAY COUNTY JAIL,

    Defendant.
_____/

## ORDER OF TRANSFER

Before the Court is Plaintiff Mark Bilbee's pro se civil rights complaint brought pursuant to 42 U.S.C. § 1983. Bilbee is an inmate at the Jay County Jail in Portland, Indiana. In his complaint, Bilbee asserts that he is not being given proper medical care for a skin condition. He asserts violations of his rights under the United States Constitution and Indiana law and requests proper treatment.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). A defendant must have minimum contacts within the forum State before personal jurisdiction will be found to be reasonable and fair. *International Shoe Co. v. Washington*, 326 U.S. 310, 316–19 (1945); *Theunissen v. Matthews*, 935 F.2d 1454, 1459–50 (6th Cir. 1991). A plaintiff in a federal civil action must demonstrate that the court in which his or her suit is brought has personal jurisdiction over the defendants. *See, e.g., CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996); s*ee also Bird v. Parsons*, 289 F.3d 865,

872-73 (6th Cir. 2002) (a federal court should address jurisdictional issues before considering the merits of a case).

In this case, Bilbee fails to plead any facts to show that the defendant has any minimum contacts with the State of Michigan or otherwise establish this Court's personal jurisdiction over the named defendant, who "resides" in Indiana, and whose challenged actions occurred in Indiana. The Court thus lacks personal jurisdiction over the named defendant. *See* MICH. COMP. LAWS § 600.701 *et seq.*; § 600.705 (Michigan's long-arm jurisdiction statute); *see also LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1299 (6th Cir. 1989) (setting forth three-part test for determining whether exercise of personal jurisdiction comports with due process); *Moore v. Lynch*, 793 F.2d 1291, 1986 WL 17017 (6th Cir. May 2, 1986) (federal district court in Tennessee properly dismissed civil rights complaint where Tennessee state prisoner failed to establish court's personal jurisdiction over Washington state defendant).

Moreover, even if the Court has personal jurisdiction over the defendant, this Court is not the proper venue for this action. Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

Venue in general. A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). When venue is improper, a court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Additionally, even when venue is proper, a court may transfer the case to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). A court may sua sponte transfer a case for improper venue. *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *Flynn v. Greg Anthony Construct. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003).

Having reviewed the complaint, the Court finds that the United States District Court for the Northern District of Indiana is the proper forum for this action. The defendant (and Plaintiff Bilbee) reside in Portland, Jay County, Indiana for purposes of the present complaint and the actions giving rise to the complaint occurred there. Jay County, Indiana lies in the Fort Wayne Division of the Northern District of Indiana. 28 U.S.C. § 94(a)(1). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Northern District of Indiana, Fort Wayne Division. The Court makes no determination as to the procedural or substantive merits of the complaint. Such matters are more properly considered by the transferee court.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 5, 2019